(95 South. 701)

No. 25786.

## STATE v. STUTZNER.

(Feb. 26, 1923.)

*(Syllabus by Editorial Staff.)*

Perjury ⬡➡14—Attempted subornation not an offense.

Under Rev. St. § 857, as amended by Act No. 18 of 1888, it is not a criminal offense to attempt to procure a person to commit perjury.

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; Robert S. Ellis, Judge.

Criminal prosecution by the State against Fred Stutzner. From a judgment quashing an indictment, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., and M. J. Allen, Dist. Atty., of Amite (T. S. Walmsley, of New Orleans, of counsel), for the State.

Rownd & Hungate and Robert M. McGehee, all of Hammond, for appellee.

O'NIELL, C. J. The state has appealed from a judgment quashing an indictment. The accusation was that the defendant had attempted to commit subornation of perjury, by attempting to procure a witness to swear falsely in a criminal prosecution. The indictment is based upon section 857 of the Revised Statutes, as amended by Act 18 of 1888, p. 15, making it a felony to commit perjury or to procure the commission of perjury. The statute does not denounce an attempt to procure a person to commit perjury. Therefore, however reprehensible it is, an attempt at subornation is not made a crime by the statute, against perjury or the procuring of a person to commit perjury.

From the fact that no argument has been made and no brief filed in support of this appeal, we assume that the state's attorneys have concluded that the judgment appealed from is correct.

The judgment is affirmed.